1  Douglas Q. Hahn, State Bar No. 257559
   email: dhahn@sycr.com
2  Salil Bali State Bar No. 263001
   email: sbali@sycr.com
3  Arnold V. Mina, State Bar No. 276576
   email: amina@sycr.com
4  STRADLING YOCCA CARLSON & RAUTH
   A Professional Corporation
5  660 Newport Center Drive, Suite 1600
   Newport Beach, CA 92660-6422
6  Telephone: (949) 725-4000
   Fax: (949) 725-4100
7
   Attorneys For Plaintiff
8  Beer Belly, Inc.

9
10                UNITED STATES DISTRICT COURT
11              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13  BEER BELLY, INC., a California        Case No.: 2:15-cv-03075
    Corporation,
14
                  Plaintiff,              **COMPLAINT FOR TRADEMARK
15                                        INFRINGEMENT, UNFAIR
              v.                          COMPETITION AND
16                                        CYBERPIRACY; DEMAND FOR
    T. KELANI, INC., a California         JURY TRIAL**
17  Corporation d/b/a BEER BELLY
    DELI and TONY SPENCER, an
18  individual,

19                Defendants.

20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
  LAWYERS
NEWPORT BEACH

**COMPLAINT**

LITIOC/2115566v1/102959-0000

Plaintiff, Beer Belly, Inc., ("Plaintiff" or "Beer Belly") by and through its attorneys, for its Complaint against Defendants T. Kelani, Inc. ("Kelani") and Tony Spencer ("Spencer") (collectively "Defendants"), hereby alleges as follows:

## THE PARTIES

1. Plaintiff Beer Belly, Inc. is, and at all times pertinent to this action has been, a corporation duly organized and existing under the laws of the State of California, and having its principal place of business in Los Angeles, California.

2. On information and belief, Defendant T. Kelani, Inc. d/b/a Beer Belly Deli, is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Claremont, California.

3. On information and belief, Defendant Tony Spencer is an individual who is a California resident with a principal residence in Los Angeles County, California. On information and belief, Spencer was and is a moving, active, conscious force behind Kelani's infringement of Beer Belly's trademark and associated rights.

## JURISDICTION AND VENUE

4. This is a civil action arising under the laws of the United States relating to trademarks (15 U.S.C. Sections 1114(1) and 1125(a)). This Court has federal question jurisdiction over Counts I, II and V pursuant to 28 U.S.C. Sections 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over Counts III – IV pursuant to 28 U.S.C. Section 1367.

5. This Court has personal jurisdiction over Kelani pursuant to California Code of Civil Procedure §410.10. Beer Belly is informed and believes, and thereon alleges, that Defendant is resident of the State of California, has engaged in business activities in California, and tortious acts by Kelani complained of in this Complaint have been committed within this judicial district.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1
**COMPLAINT**

LITIOC/2115566v1/102959-0000

6. Venue in this Judicial District is proper under 28 U.S.C. Section 1391, given that a significant portion of the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and this Judicial District.

## NATURE OF THE ACTION

7. In this action, Plaintiff seeks injunctive relief, lost profits, damages and attorneys' fees for Kelani's acts of trademark infringement under 15 U.S.C. § 1114 et seq., unfair competition and false designation of origin under 15 U.S.C. § 1125(a), cyberpiracy and cybersquatting under 15 U.S.C. §1125(d), common law unfair competition, common law misappropriation, unfair trade practices under Cal. Bus. & Prof. Code § 17200 et seq., and related causes of action.

## GENERAL ALLEGATIONS

8. Beer Belly is a restaurant/bar focused on serving "craft beer, and crafty food."

9. Beer Belly is the owner of the BEERBELLY mark, U.S. Trademark Registration No. 4,669,415 for use in connection with restaurant services. A copy of Plaintiff's U.S. Trademark Registration No. 4,669,415 is attached hereto as Exh. A.

10. Beer Belly began using its BEERBELLY trademark as early as May 1, 2011.

11. Beer Belly's use of its BEERBELLY mark has been open, notorious, and continuous.

12. Beginning at least as early as December 2011, and continuing through the present, Beer Belly's restaurant has garnered national attention and acclaim. For example, the BEERBELLY mark has been advertised or featured in national television shows and print or online publications such as:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT

LITIOC/2115566v1/102959-0000

      a.    LA Weekly, Best 5 New Craft Beer Bars of 2011, http://blogs.laweekly.com/squidink/2011/12/beer_bars_la.php?page=2 (Attached hereto as Ex. B-1)

      b.    GQ Magazine, 12 Bars For Beer Lovers, http://www.gq.com/food-travel/restaurants-and-bars/201210/best-beer-bars-october-2012?slide=2#slide=9 (Attached hereto as Ex. B-2)

      c.    LA Weekly, Best Beer List 2012, http://www.laweekly.com/bestof/2012/award/best-beer-list-1892645/ (Attached hereto as Ex. B-3)

      d.    CNN.com, 8 Things to Know about Koreatown, http://www.cnn.com/2013/04/17/travel/koreatown-los-angeles/index.html (Attached hereto as Ex. B-4)

      e.    Los Angeles Magazine, 15 Best New Bars, http://www.lamag.com/features-hidden/2012/07/01/best-new-bars-no-10-beer-belly (Attached hereto as Ex. B-5)

      f.    DRAFT Magazine, A Growing Beer Belly, http://draftmag.com/features/a-growing-beer-belly/ (Attached hereto as Ex. B-6)

      g.    Food Network - Diners, Drive-ins, and Dives, (Season 16, Episode 11: "Unlikely Partners") (Copy of program information attached herein as Ex. B-7)

      h.    Travel Channel - Food Paradise (Episode: Deep-Fried Paradise 3) (Copy of program information attached herein as Ex. B-8)

13. The BEERBELLY mark is distinctive and identifies Beer Belly as the single source of origin of the services marketed and provided in connection therewith.

14. Since 2011, Beer Belly has spent significant time, energy and expense building up the good will and value of its BEERBELLY mark.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

**COMPLAINT**

LITIOC/2115566v1/102959-0000

15. Without the authorization or consent of Beer Belly, and after Beer Belly began to use and had built up extensive and valuable business and good will in connection with the BEERBELLY mark, Defendants began using the confusingly similar "Beer Belly Deli" designation in connection with restaurant services.

16. On information and belief, Defendants have been using and continue to use the designation "Beer Belly Deli" to market and sell Kelani's restaurant services.

17. On information and belief, Defendants seek to capitalize on the strength and reputation of Plaintiff's BEERBELLY mark, by registering, trafficking in or using the domain www.beerbellydeli.com which is substantively and confusingly similar to the distinctive BEERBELLY mark with a bad faith intent to profit.

18. On information and belief, Defendants' use of a domain which is confusingly similar to Plaintiff's registered trademark directs consumers to Defendants' website where such consumers are misled as to the origin, sponsorship or approval of the goods and services marketed and offered for sale through the www.beerbellydeli.com website, and are deceived as to Kelani's affiliation, connection or association with Beer Belly.

19. On information and belief, Defendants were or became aware of Beer Belly and its trademark rights before Defendants launched their services and adopted the 'Beer Belly Deli' designation.

20. Beer Belly is informed and believes, and on that ground alleges, that Defendants adopted the confusingly similar 'Beer Belly Deli' designation with knowledge of Beer Belly's trademark rights and with the intent to deceive consumers and to cause confusion among purchasers for the purpose of misappropriating and benefiting from the goodwill and public recognition associated with BEER BELLY and to divert sales from Beer Belly to Kelani.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

21.     On information and belief, both Beer Belly and Kelani offer restaurant services which are nearly identical in scope.

22.     On information and belief, both Beer Belly and Kelani market and promote their restaurant services in nearly identical ways including through their website, review sites (ex. Yelp), print advertising and social media.

23.     The 'Beer Belly Deli' designation is sufficiently identical to the BEERBELLY trademark in sight, sound, connotation and commercial impression that its use in the sale and marketing of Defendants' restaurant services to the same class of customers, through the same or similar channels of trade is likely to cause and has caused consumer confusion.  Example of this type of confusion is clear from the review site Yelp, as shown below:



24.     On information and belief, consumers often refer to Kelani's restaurant as 'Beer Belly.'

25.     On information and belief, the logo employed by Kelani in association with its restaurant separates 'Beer Belly' from 'Deli' such that the 'Beer Belly'

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

portion make a far greater commercial impression. A copy of Kelani's logo is attached hereto as Exh. C.

26. On information and belief, Spencer is the founder, CEO and creative force behind Kelani. On information and belief, Spencer actively and knowingly participated in and directed in Kelani's willful adoption of the 'Beer Belly Deli' designation.

27. On information and belief, Defendants knew or should have known of Beer Belly's trademark rights prior to adopting the 'Beer Belly Deli' designation and that use of this designation is confusingly similar.

28. On January 24, 2014, Kelani filed a trademark application with the U.S. Patent and Trademark Office ("USPTO") for 'Beer Belly Deli,' U.S. Trademark Application Serial No. 86/173,738. A copy of Kelani's application is attached hereto as Exh. D.

29. On April 29, 2014, the USPTO issued an Office Action denying Kelani's application citing a likelihood of confusion with, *inter alia*, Plaintiff's (pending at the time) BEERBELLY mark. A copy of the USPTO Office Action is attached hereto as Exh. E.

30. As of October 30, 2014, Kelani's trademark application for 'Beer Belly Deli' has been abandoned.

31. On information and belief, despite direction and guidance from the USPTO that 'Beer Belly Deli' is likely to cause consumer confusion and infringe Plaintiff's BEERBELLY mark, Defendants nonetheless willfully decided to adopt, continue using and offering services under the infringing designation 'Beer Belly Deli.'

32. The aforementioned acts by Defendants have caused, and will continue to cause, actual confusion and a likelihood of confusion in the minds of the public, and have damaged and will further damage Beer Belly's reputation for exclusivity in connection with its BEERBELLY mark.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

33. In late 2013, Beer Belly first became aware of Defendants' infringing use of the 'Beer Belly Deli' designation.

34. Upon learning of Defendants' infringing use of the 'Beer Belly Deli' designation, on or around August 9, 2013 Beer Belly sent a Cease and Desist letter to Kelani requesting that Defendants discontinue all use of the 'Beer Belly Deli' designation and informed them of Beer Belly's use since May 2011 and of its, then pending, federal trademark application. A copy of Beer Belly's Cease and Desist Letter is attached hereto as Exh. F.

35. Beer Belly never received any response from Kelani to the September 2013 Cease and Desist letter.

36. Beer Belly subsequently retained counsel and on February 23, 2015, Beer Belly sent a Second Cease and Desist letter to Kelani. A copy of Beer Belly's Second Cease & Desist letter is attached hereto as Exh. G.

37. Kelani did not respond to the Second Cease and Desist letter.

38. On information and belief, Kelani is inadequately capitalized or insured to respond to claims against it; there is no separation between the business activities of Kelani and the personal activities of Spencer; Kelani's funds and Spencer's funds are co-mingled; Kelani's funds are used to satisfy Spencer's debts; Kelani's funds are used for Spencer's personal travel and entertainment expenses; and Kelani has disregarded corporate formalities. Kelani is the mere instrumentality of Spencer's will and a shell with no independent direction. As such, Kelani is the alter ego of Spencer.

39. On information and belief, given the alter ego relationship between Kelani and Spencer, Plaintiff alleges that fraud and/or injustice is likely to occur if the separation of entities is not disregarded.

40. On information and belief, Spencer personally participated, directed, controlled, ratified, was the moving force behind, and acted consciously, willfully,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

deliberately, and knowingly when he and Kelani committed the wrongful acts alleged herein, injuring Beer Belly.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
## (LANHAM ACT §32)

41. Beer Belly repeats and realleges each and every allegation contained in paragraphs 1 through 40 hereof as if fully stated herein.

42. By virtue of Defendants' conduct, Defendants have used and are using a spurious term in connection with the advertising, marketing, and offering of restaurant services, which are identified with the BEERBELLY mark used by Beer Belly.

43. Beer Belly's services are offered and advertised to the same or similar classes of purchasers as Defendants. As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Beer Belly's BEERBELLY mark, its reputation and favorable good will, are likely to purchase Defendants' services in the mistaken belief that such services are related to, offered or authorized by Beer Belly.

44. Defendants' actions have been and are willful, unfair, false and deceptive, in that they tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Kelani and/or its services are affiliated with, sponsored or controlled by Plaintiff.

45. As a consequence, Defendants have traded and are trading upon, and have gained and are gaining public acceptance and other benefits from, Beer Belly's favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by Defendants' illegal actions and conduct.

46. The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Kelani and/or its services are in

some manner affiliated with, originate from, or are sponsored by Beer Belly in violation of Lanham Act § 32, 15 U.S.C. §1114.

47. Beer Belly is informed and believes, and on that ground alleges, that Defendants have made and/or will make unlawful gains and profits from their unlawful actions as alleged herein, and by reason thereof, Beer Belly has been deprived of gains and profits which otherwise would have inured to Beer Belly but for such unlawful actions.

48. Beer Belly has no adequate remedy at law for the injuries alleged in this Count. The injury is, in part, intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

49. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to Beer Belly caused by Defendants' wrongful conduct, said conduct has resulted in irreparable, direct and proximate damages to Beer Belly and Beer Belly is entitled to injunctive relief under 15 U.S.C. Section 1116(a).

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (LANHAM ACT §43(a))

50. Beer Belly repeats and realleges each and every allegation contained in paragraphs 1 through 49 hereof as if fully stated herein.

51. This claim arises under Section 43(a) of the Lanham Act. Defendants' unauthorized use and continued use in interstate commerce of 'Beer Belly Deli' constitutes use of a false designation of origin and a false description or representation that has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Defendants' services,

-9-
**COMPLAINT**

1  (b) as to an affiliation, connection or association between Beer Belly and Kelani, and (c) as to the sponsorship or approval of Defendants' services by Beer Belly.

52. Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics or qualities of Defendants' services and/or commercial activities.

53. Upon information and belief, Defendants have intentionally and falsely designated the origin of their services by adopting and using a term that is substantially the same as the BEERBELLY trademark for its goods so as to profit from Beer Belly's reputation by confusing the public as to the source, origin, sponsorship or approval of Defendants' services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Beer Belly.

54. The activities of Defendants' complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Beer Belly, its business reputation and its goodwill, for which Beer Belly is without adequate remedy at law. Such activities have also caused Beer Belly monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

55. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining, the value of the damage to Beer Belly caused by Defendants' wrongful conduct, Beer Belly is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct and proximate damages to Plaintiff.

///
///
///

# COUNT III

## COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

56. Beer Belly repeats and realleges each and every allegation contained in paragraphs 1 through 55 hereof as if fully stated herein.

57. Beer Belly is informed and believes, and on that ground alleges, that Defendants have intentionally misappropriated Beer Belly's BEERBELLY mark with the intent of causing confusion, mistake and deception as to the source of their services with the intent to palm-off its services as those of Beer Belly, and as such Defendants have committed unfair competition in violation of the common law of the State of California.

58. The foregoing acts of Defendants have caused and will continue to cause injury to Plaintiff, by depriving it of sales of its genuine goods, injuring its business reputation, and by passing off Defendants' services as Beer Belly's genuine services, all in violation of the common law of the State of California.

59. Defendants' acts have caused and will continue to cause irreparable harm and damage to Plaintiff, and have caused and will continue to cause Beer Belly monetary damage in an amount to be determined at trial, for which Beer Belly is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

60. Defendants' infringement of Beer Belly's BEERBELLY mark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

61. As a consequence of Defendants' actions, Beer Belly is entitled to injunctive relief and an order that Defendants disgorge all profits on the use, display or sale of infringing services.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

## COUNT IV

## **COMMON LAW MISAPPROPRIATION**

62. Beer Belly repeats and realleges each and every allegation contained in Paragraphs 1 through 61 hereof as if fully stated herein.

63. Beer Belly has invested substantial time, man-hours, resources and money in adopting, developing and using the BEERBELLY mark ("Investment Capital"), and the BEERBELLY mark is Plaintiff's property.

64. In committing the acts of trademark infringement and unfair competition as alleged herein, Defendants have misappropriated and taken without permission Beer Belly's property and converted it to their own use for their own benefit.

65. Beer Belly is informed and believes, and on that ground alleges, that by misappropriating and converting Plaintiff's property, Defendants have benefited greatly and illegitimately by using 'Beer Belly Deli' to offer its goods without having to make a substantial investment of its own Investment Capital.

66. Defendants' acts constitute common-law misappropriation under the common law of the State of California.

67. Defendants have been and will continue to be, unless enjoined, unjustly enriched by their acts of misappropriation.

68. The foregoing acts of Defendants' have injured and will continue to injure Beer Belly by depriving it of sales of its genuine services and by injuring its business reputation and good will, all in violation of the common law of the State of California.

69. Defendants' acts have caused and will continue to cause irreparable harm and damage to Beer Belly, and have caused and will continue to cause Beer Belly monetary damage in an amount thus far not determined, for which Beer Belly is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

70. Beer Belly has no adequate remedy at law.

## COUNT V

## CYBERPIRACY UNDER 15 U.S.C. 1125(d) OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT

71. Beer Belly repeats and realleges each and every allegation contained in paragraphs 1 through 70 as if fully stated herein.

72. Defendants' acts as described in this Complaint including registering, trafficking in or using the domain www.beerbellydeli.com, which is substantially and confusingly similar to Plaintiff's distinctive BEERBELLY mark, with a bad faith intent to profit, constitute cyberpiracy and/or cybersquatting in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(d).

73. By reason of its illegal conduct, Defendants have and continues to wrongfully derive income and profits from these acts, and Beer Belly has sustained and will continue to sustain, substantial injury, loss and damage.

## PRAYER FOR RELIEF

**WHEREFORE**, Beer Belly demands judgment against Defendants as follows:

A. That Defendants' conduct infringes Beer Belly's BEERBELLY mark, falsely designates the origin of Defendants' services, falsely describes such services, and unfairly competes with Beer Belly, all in violation of Lanham Act §§43(a) and 32, 15 U.S.C. §1125, and 15 U.S.C. §1114 et seq.

B. That Defendants' conduct serves to infringe Beer Belly's BEERBELLY mark and unfairly compete with Beer Belly under the common law of the State of California.

C. That Defendants and their agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

COMPLAINT

LITIOC/2115566v1/102959-0000

1  participation with Defendants be preliminarily and permanently enjoined from
2  directly or indirectly:

3      i. Using Beer Belly's BEERBELLY mark, or any other marks
4  which are confusingly similar to or colorable imitations of Beer Belly's
5  BEERBELLY mark, including, without limitation, the term 'Beer Belly Deli'
6  alone or as part of or together with any other designs, word or words, trademark,
7  service mark, trade name, trade dress or other business or commercial designation
8  or any logo, symbol or design;

9      ii. Committing any act which, in and of itself, or from the manner
10  or under the circumstances in which it is done amounts to false designation of
11  origin, false description or false representation of Defendants' services; and,

12      iii. Otherwise unfairly competing with Beer Belly or
13  misappropriating Beer Belly's intellectual property, including, but not limited to
14  the BEERBELLY mark.

15    D. That the Court issue an Order directing Defendants to file with the
16  Court and serve on Plaintiff, within thirty (30) days after the service on Defendants
17  of such injunctions, a report in writing and under oath, setting forth in detail the
18  manner and form in which Defendants have complied with the injunction.

19    E. That the Court award judgment in favor of Beer Belly for the amount
20  of either damages sustained by Beer Belly or the profits made by Defendants as a
21  result of Defendants' wrongful conduct, whichever amount is greater, and damages
22  in an amount necessary for Beer Belly to conduct corrective advertising to
23  eliminate the confusion caused by Defendants' wrongful acts.

24    F. That the Court award judgment in favor of Beer Belly in the amount
25  of treble damages under 15 U.S.C. §1117, plus prejudgment interest.

26    G. That the Court award statutory damages pursuant to 15 U.S.C.
27  §1117(d), against Defendants of $100,000 or in an amount the Court otherwise
28  considers just.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

H. That the Court award judgment against Defendants for the full costs of this action, including reasonable attorney fees.

I. That the Court award to Beer Belly punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

J. For interest on all amounts found to be due to Beer Belly from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

K. That the Court require Defendants to notify any parent, subsidiaries, investors, affiliated companies, commercial associates, advertising agencies, suppliers and customers of said Order.

L. That the Court order such other, further and different relief as the nature of this action may require and that the Court deem just and proper.

M. That the Court retain jurisdiction of this action for the purpose of enabling Beer Belly to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## JURY DEMAND

Beer Belly hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on each and every cause of action asserted in its Complaint that is triable by jury.

DATED: April 24, 2015                 STRADLING YOCCA CARLSON & RAUTH

By: */s/ Douglas Q. Hahn*
  Douglas Q. Hahn
  Salil Bali
  Arnold Mina

  Attorneys for Plaintiff, Beer Belly, Inc.

-15-
**COMPLAINT**

LITIOC/2115566v1/102959-0000

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH